*Exhibit #1*

MIL-1330.13c
12-03-04
PAGE 7

Date Due to Inmate: __6/8/07__

Attachment B

## FCI/FDC Milan, Michigan
### Request For Administrative Remedy Attempt At Informal Resolution

rec'd from I/M 6/5/07

Inmate's Name: __Ahmad Jebal__

Registration Number: __31943-039__

Unit: __F1__

### TO BE COMPLETED BY INMATE:

1. Briefly state the complaint - include all details and facts to support the complaint and request: I was placed in the SHU since 12/11/06 then informed I'm due to be transferred to another prison and was not informed the reason or why I'm being transferred when my family are 20 min away & mother is very ill.

2. What action(s) do you wish to be taken to correct the situation: I know my transfer is discrimination as a practicing muslim even though I was born here. I ask that I be transferred to a camp since my custody level is at Camp otherwise I demand an investigation into the discrimination of my transfer. ask to stay in Milan

3. Indicate below your efforts to resolve the matter and who you contacted to settle the problem: (Be specific but brief and include names of staff contacted to attempt resolution.) I've spoken to Ms. Wilson who is among those who discriminate and then to Ms. Moody who said she'll look into it (Bless her soul). I wanted to make this in writing because I plan to exaust my BP's and then my attorney is planning a lawsuit if its not solved for all the discrimination I went through in Milan because I'm muslim.

Inmate Signature: __Ahmad J.__  Date: __6/4/07__

### TO BE COMPLETED BY UNIT STAFF:

4. Attach **any pertinent documentation** related to the inmate's complaint to the back of this form.

_____  __6-5-07__   _____  __6/5/07__
Correctional Counselor       Date           Unit Manager           Date

Date Informally Resolved: __N/A__

Date BP-229 Issued: __N/A__

unable to Informally resolve

6/5/07

If complaint is not informally resolved, original BP-229 and this form are to be forwarded to the DCA/DCA's Secretary.

**U.S. DEPARTMENT OF JUSTICE** — **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Given to inmate on 6-6-0, G Sharp*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Jebril Ahmad**    31943-039    F1(D-B/w)    FCI Milan
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** RE: Transfer To Camp Request:-

I have been discriminated at in Milan-FCI because I'm a knowledgeable Practicing muslim. (I ask that A hold be placed on my transfer till this is resolved). On 12/1/06 I was placed in the SHU then 6 months later by [special council?] informed I will be transferred and not informed why!! I have been undergoing a series of discrimination tactics; this transfer to be one. Custody level my classification points are at camp (8 points) if I'm due to transfer I demand to go to my level a camp which I have no problem with. Otherwise I want to stay in Milan-FCI near my family ending this discrimination of transferring me. Sending me to a camp resolves the matter where Milan FCI is happy to get rid of me and I'll be where I belong.

6/6/07    (This transfer if not to a camp is religious profiling.)    *Ahmad Jebril*
DATE                                                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

6/14/07
DATE                                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**      CASE NUMBER: 464320-F2

CASE NUMBER:

**Part C- RECEIPT**

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                       BP-229(13)
                                                                                             APRIL 1982

**BP-229 RES**  CASE NUMBER: 454320-F2

Your request for Administrative Remedy (BP-229), dated June 6, 2007, and received in this office on June 1, 2007, has been reviewed. Specifically, you claim you have been discriminated against and you request a transfer to a camp facility or remain at FCI Milan, Michigan.

A review of the issue(s) raised in your BP-229 has been conducted. You have been referred for a transfer as a result of an SIS investigation for attempting to organize private religious meetings at FCI Milan. It has been determined you are no longer appropriate for this institution and require greater security than is available at FCI Milan. You have not provided any evidence that you have been discriminated against because of your religious preference.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____  6/20/07
C. Eichenlaub, Warden       Date

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Jebril, Ahmad__ __31943-039__ __F1__ __FCI-Milan__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL**

The stated reason ordering my transfer (attempting to organize private Religious meetings) is discriminatory retaliation and islamophobia lie!! I put in 3 official cop-outs specifically asking for monitored multi-faith/interfaith classes to the Muslim Chaplain Imam Mukhtar Curtis. The Chaplain Imam Curtis is a radical jihadist and sympathizer of Al-Qaeda and Hizbullah who I had a fall-out with on Sept 22 06 over him spreading Al-Qaeda radical material and ideology that is 100% proven fact. He then put in a retaliatory memo fearing for his job and asking for my transfer. I asked for classes in an official & proper way for interfaith study.

__6/27/07__ (Continued on attachment) __Ahmad Jebril__
DATE                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

SEE ATTACHED RESPONSE

__JUL 16 2007__
DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE         CASE NUMBER: __454320-R1__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE                                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                    BP-230(13)
                                           JUNE 2002

Interfaith meetings are against radical muslim beliefs like Iman Curtis. This outraged him. on 12/10/06 he summoned me to his office with all 3 cop-out on his desk and he was in a fuming rage why I as a muslim would want to study with Jews and Christians.

Had I wanted to do a private class(es) I would not place 3 cop-out and wait for a response. All classes are monitored

If that is against Milan policy all they had to do is reject it and tell me not to get involved in religious matters and I would accept; not place me under investigation and transfer me. Thats religious profiling.

I have 8 points (camp level) and if indeed there must be a transfer it should be to a camp otherwise I should stay in Milan near my family.

I was never questioned pertaining to anything against me. I believe I should be able to defend myself. The only meetings after my SIS investigation was on 12/14/06 based on my request I gave info on Imam Curtis and was not questioned the meeting lasted 5 minutes. On 1/4/07 I requested to meet with FBI and also gave them info on Imam Curtis and was not questioned as well.

I only found out why I was being transferred on 6/25/07 when enclosed BP 229(13) was returned to me; I also was never informed why I was under investigation until 5/30/07

This has been an issue of many I faced as a muslim in Milan which I plan to persue in a federal civil court if I don't get justice.

Thank You

6/27/07

Enclose BP 229 (13) & Prayer & letter to chief of Homeland Security

| | |
|---|---|
| **U.S. Department of Justice**<br>**Federal Bureau of Prisons**<br>**North Central Regional Office** | **Regional Administrative Remedy Appeal**<br>**Part B - Response** |

**Admin Remedy Number: 454320-R1**

This is in response to your Regional Administrative Remedy Appeal dated June 27, 2007, in which you claim your transfer to another facility is discriminatory and retaliatory in nature due to your Muslim faith. You allege religious profiling due to your submission of three Inmate Request to Staff Member forms to the Chaplain requesting to attend monitored Interfaith religious studies with Jewish and Christian inmates. For relief, you request a transfer to a camp or continued confinement at FCI Milan, a facility close to your family in Michigan.

We have reviewed your appeal and determined the Warden's response dated June 20, 2007, thoroughly addresses your concerns. As indicated in that response, you are pending a transfer as a result of an SIS investigation for attempting to organize private religious meetings at FCI Milan. You have provided insufficient evidence to support your claim that staff have acted in a discriminatory manner or acted outside the scope of national policy.

Based on the above, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_7/12/07_
Date

Michael K. Nalley, Regional Director

**Central Office Administrative Remedy Appeal**

Given on 8/3/07

point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-submitted with this appeal.

| Jebril, Ahmad | 31943-039 | F1 | Milan-FCI |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

Regional did not do anything!

I plead that you re-investigate what SIS investigated. SIS agent Webber, the Warden, captain and others ordered me transferred based on lies as a cover up because I found out about a terrorist Chaplain they employ. I held nor attempted to hold private religious classes; I only wrote 3 formal cop-outs asking for monitored interfaith meetings. What's wrong with asking that? Where is that a violation of BOP rules. I have 6 custody points & they are sending me to a medium!!! This is outrageous. I did nothing wrong. Please review what I wrote in the BP-DIR 10 as well as the attached letter to Chief of Homeland Security to get the general idea. How CAN YOU PUT ME WITH 6 POINTS in a medium prison by a management variable for something I did not do.
Please help me get justice otherwise this matter will be in the media and in a federal civil court. It's outrageous.

8/3/07
DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
AUG 13 2007
Administrative Remedy Section
Federal Bureau of Prisons

| DATE | | GENERAL COUNSEL |
|---|---|---|
| ORIGINAL: RETURN TO INMATE | | CASE NUMBER: 454320-A1 |

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982
USP LVN

Administrative Remedy No. 454320-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you claim you were discriminated against and request to be transferred to a camp or allowed to remain at FCI Milan.

Our review reveals the Warden and Regional Director adequately responded to the issues you raised in your appeal. The issue of transfers is left to the discretion of the Warden and staff at the Designation and Sentence Computation Center per Program Statement 5100.08, <u>Security Designation and Custody Classification Manual</u>. The Bureau of Prisons attempts to designate inmates to facilities as close to their homes as possible commensurate with their security needs. Several factors are considered in redesignations (transfers) from one Bureau institution to another include, but not limited to release residence, population pressures, security level, program needs, and public safety. In addition, the inmate's institutional adjustment and program performance are also carefully reviewed when redesignation is considered.

As noted by the Regional Director, based on SIS Investigation, staff determined you were no longer appropriate for FCI Milan and required greater security. Staff at the Designation and Sentence Computation Center reviewed your case and approved your transfer to FCI Three Rivers. Accordingly, we find you are appropriately designated and therefore concur with the responses provided. We do not find any evidence to support your allegations of discrimination. This response is provided for informational purposes only.

October 9, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals