United States District Court
Southern District Court


Ahmad Jebril
Inmate #31943-039
Federal Correctional Institution
P O Box 4200
Three Rivers, TX 78071

v.

Dan Joslin
(Warden of Three Rivers FCI- Texas)

Joseph Higgerson
(Captain of Three Rivers - FCI)

C. Eichenlaub
(Warden of Milan FCI - Michigan)

Mukhtar Curtis
(Head Chaplain of Milan FCI - Michigan)

Jodi Bradly
(Captain of Milan FCI - Michigan)


BRIEF AND MEMORANDUM
IN SUPPORT OF §2241 Petition

## MEMORANDUM IN SUPPORT OF PETITION

Prisoner is entitled to writ of habeas corpus when though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, deprivation of which serves to make his imprisonment more burdensome than law allows or curtails his liberty to greater extent than law permits. Coffin v. Reichard (1944, CA6 Ky) 143 F2d 443, 155 ALR 143.

In my situation not only did the BOP in general and Three Rivers, FCI in specific make my custody burdensome but they violated my essential rights, and went on to harass me every possible way they can targetting me, discriminating against me, bullying me and violating my religious and contitutional rights.

Allegations of single, non-recurring assault of federal prisoner by guard force does not state claim for habeas corpus relief.
Allegations for continuous recuring matters as in my situation and condition especially after the fact that I attempted to resolve this in every means available before exhausting BOP remidies before filing this.
My attempts went in vain and in fact made the staff treat me even worse.
Mason v. Ciccone (1975, CA8 Mo) 517 F2d 73.

It was error to deny petition seeking habeas corpus relief without requiring answer, where federal inmate claimed he was entitled to notice and hearing regarding proposed transfer from federal reformatory to federal penitentiary; failure to grant either notice or hearing constituted denial fo due process.
Bryant v. Hardy (1973, CA4 Va) 488 F2d 72.

In my case I was placed in the HOLE/SHU in Milan FCI for 8 months and then transferred outside my region 35 hours from home to Three Rivers, FCI who discriminate against me and mistreat me yet not a single hearing was held nor was I told why this went on either in Milan or Three Rivers ignoring my requests to find out what's going on violating my due process rights.

There is federal habeas corpus jurisdiction under 28 USCS § 2241 over complaint of federal prisoner who is challenging not validity of his original conviction by imposition of segregated confinement without elementary procedural due process and without just cause.
McNair v. McCune (1975, CA4 Va) 527 F2d 874

Minimum due process required that District Court conduct in camera review of entire investigation file, not only material relied on to find guilt, to determine whether exculpatory information existed which should have been disclosed to prisoners in disciplinary hearing.
Cambell v. Henman (1991, Ca7 Ill) 931 1212.

Although petitioner's designation as "special offender" did not impede his efforts to attain reduced custody, furloughs, or parole, sufficiently adverse consequences flow from "special offender" designation as to justify due process protection and relief or habeas corpus in line with newly promulgated federal prison procedure.
U S ex rel. Addonizio v. Arnold (1976, MD Pa) 423 F Supp 189.

My due process rights by the federal prisons I was in (Milan & Three Rivers)

page 1

their designation, label they placed on me and treatment violated my due process protection. The result of the transfer and it's implication in the treatment I get also violated my civil rights to be treated like any ordinary inmate.

Pretrial detainee is discharged from segregation and his visitation and telephone privileges are restored, where detainee was summarily ordered placed in isolation for 90 days for allegedly attempting to escape and to bribe correctional officer, because sanction imposed constitutes punishment and serves no legitimate regulatory purpose in effective management of correctional institution in violation of substantive due process.
Cullazo-Leon v. U S Bureau of Prisons (1994, DC Puerto Rico) 855 F Supp 530, habeas corpus proceeding, remanded (1995, CA1 Puerto Rico) 51 F3d 315.

The sanctions imposed on me as well by transferring me 35 hours away from my home and region as well the prison staff treatment due to a memo that was sent to them warning of me is a sanction that constitutes a punishment not only without due process but I don't even know why nor was I informed why.
Taking me away from my region and family constitutes a sever punishment and serves no legitimate regulatory purpose in effective management of correctional institution in violation of substantive due process.

Federal inmate's challenge to disciplinary sanctions of transfer plus forfeiture of 150 days of statutory good time must fail, where inmate was found guilty of marijuana use - offense of greatest severity for which he could have suffered forfeiture of all 860 days of good time, because community corrections manager did not inflict cruel and unusual punishment.
Mazzant v. Bogan (1994, ED Mich) 866 F Supp 1029.

The court allowed inmate to petition his disciplinary sanction and transfer as a result of that to determine if it was cruel and unusual.
I had absolutely no disciplinary hearing or notice or process yet I get transferred out of my region to a higher security prison and a much higher level than my appropriate designation which is a camp and I'm treated in the worst way staff can treat me due to whatever they were told and informed about me which I still don't know.

In order to grant relief under 28 USC8 § 2241 petitioner must be in custody within territorial jurisdiction of district court and his custodian must be within reach of its process.
Perez-Jimenez v. Laird (1971, DC Puerto Rico) 325 F Supp 457.

I'm in custody of the district court that I send this petition to and custodian is within reach of its process.
The other previous custodians are named in the suit as possible witnesses to their actions and statements in originating this discriminatory transfer and treatment that I endure, they are essential witnesses who must be named in the petition. Current custodian is within reach of courts process as he is responsible for my present condition and his insistence on this discriminatory transfer and treatment.

Federal prisoner seeking only injunctive relief must first exhaust administrative remedies provided by the Bureau of Prisons, when seeking injunctive relief.
Bourke v. Thompson (1993, CA5 Tex) 11 F3d 47.

PAGE 2

Petitioner has exhausted all formal and informal administrative remedies provided by the federal Bureau of Prisons.

Writ of habeas corpus is flexible judicial remedy used to insure that miscarriage of justice within its reach are surfaced and corrected. Gilroy v. Ferra (1982, WD NY) 534 F Supp 321.

There is gorss miscarriage of justice within the reach of this district court that can only be corrected by the court through this flexible judicial remedy.

Language of 28 USCS § 2241(a) authorizing writs of habeas corpus to be granted by District Courts "within their respective jurisdictions does not limit District Court's habeas corpus jurisdiction to cases where prisoner seeking releif is confined within its territorial jurisdiction, read literally, language of § 2241(a) requires nothing more than that court issuing writ have jurisdiction over prisoner's custodian; so long as custodian can be reached by service of process, court can issue writ within its jurisdiction requiring that prisoner be brought before court for hearing on his claim, or requiring that he be released outright from custody, even if prisoner himself is confined outside court's territorial jurisdiction.
Braden v. 30th Judicial Circuit Court (1973) 410 U S 484, 35 L Ed 2d 443, 93 S Ct. 1123.

If words "within their respective jurisdictions" in 28 USCS § 2241 mean anything more than that the court may act only if it has personal jurisdiction of proper custodian and capacity, within it's geographic boundaries, to enforce its orders, physical presence of petitioner within district is not invariable jurisdictional prerequisite, and it gives way in face of other consideration of fairness and convenience.
Word v. N. Carolina (1969, CA4 N C) 406 f2d 352.

Habeas corpus is an extraordinary remedy whose operation is to a large extent inhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which restraints on liberty are neither severe nor immediate.
Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist. (1973) 411 US 345, 36 L Ed. 2d 294, 93S Ct 1571.

My case and what I went through of transfer and that which I endure is clearly of extreme and special urgency.

Writ of habeas corpus can reach behind prison walls and iron bars, but it is not static, narrow, formalistic, its scope also including protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty.
Jones v. Cunningham (1963) 371 US 236, 9L Ed 2d 285, 83 S ct 373, 92 ALR2d 675.

My petition for 2241 habeas corpus clearly shows wrongful restraints upon my liberty.

Writ of habeas corpus is flexible judicial remedy used to insure that miscarriages of justice within its reach are surfaced and corrected. Gilroy v. Ferro (1982, WD NY) 534 F Supp 321.

PAGE 3

Petition will clearly show miscarriages of justice in petitioners situation within the reach of the court.

Exgaustion of administrative remedies is required before habeas relief may be granted.
US ex rel. Carrasquille v. Thomas (1981, SD NY) 527 F Supp 1105, affcl (1982, CA2 NY) 677 F2d 225.

Petitioner as indicated has exhausted all formal and informal administrative remedies provided by the federal Bureau of Prisons.

Irreparable harm is an excuse to exhaust administrative remedies or if remedies would be futile.

Exhaustion of remedies was not a jurisdictional requirement of § 2241 when one would be irreparably harmed because petitioners originally scheduled graduation date was 5/1/06 and further delay would prevent him from obtaining remedy.
Barq v. Daniels (2006, DC Or) 428 F Supp 2d 1147.

Inmates failure to exhaust remedies would of been futile. She persued action to prevent government from transferring her from community corrections center to federal prison camp.
Ferguson v. Ashcroft (2003, MD La) 248 F Supp 2d 547.

Inmates failure to exhaust his administrative remedies prior to filing his 28 USCS § 2241 petition was excused where not only would administrative appeal have been futile, but without immediate relief by court inmate could have suffered irreparable harm; if inmate had been required to pursue administrative remedies prior to bringing his action, he would likely have been serving much if not all his time and request would become moot.
Pimentel v. Gonzalez (2005, ED NY) 367 F Supp 2d 365.

As previously indicated twice before petitioner did exhaust all administrative remedies, however there are recurring incidents of harassment that I need not exhaust administrative remedies on since I had already done so to the broad issue of harassment, discrimination, bullying and targetting by certain officers. Exhausting administrative remedies on the broad issue and specifying some situation relieves me of having to exhaust the remedies when filing the §2241 petition if some later incidents occur between exhausting my remedies and filing of §2241 if I decide to use some of the specific latter situations in the §2241 petition.

Also, the process of exhausting administrative remedies regarding my transfer from a low prison to a much higher security prison outside my region without any due process and constituting cruel and unusual punishment began while I was in Milan FCI - Michigan. I continued the procedure after being transferred to Three Rivers - FCI in TX. I need not begin the procedure of exhausting the remedy regarding transfer all over after my transfer because the matter is the same and the higher agencies where remedies were sent to would be the same and that would prolong my suffering and be futile.

Prisoner was entitled to habeas relief under 28 USCS § 2241 on his claim which alleged that his contitutional rights were violated when he was removed from his originally assigned class under Bureau of Prisons (BOP) Drug & Alcohol treatment Program (DAP) and placed in another class

PAGE 4

that graduated on later date thereby extending his scheduled release date, because it was arbitrary and capricious and abuse of discretion under 5 USCS §706 (2)(a).

My transfer from Milan FCI in Michigan 20 minutes from my house to a medium Three Rivers, TX - FCI over 35 hours away from my house and region violated my due process rights, constitutional rights and is by no doubt arbitrary and capricious and abuse of discretion.

Fderal Court in District of confinement may entertain by habeas corpus state prisoner's challenge to adverse effects or conditions of his confinement resulting from filing of foreign detainer, but challenge in that court to validity of underlying charges fails for lack of in personam jurisdiction over prosecuting officials in demanding state.
Braden v. 30th Judicial Circuit Court (1973) 410 US 484, 35L Ed 2d 443, 93S Ct 1123.

Petitioner seeks relief from this court regarding adverse effects and conditions of confinement.

11/13/07
Date

Signature of Petitioner
Ahmad Jebril #31943-039
Federal Correctional Inst.
P O Box 4200
Three Rivers, TX 78071