UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AHMAD JEBRIL § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. C-07-436 |
| § | |
| UNITED STATES OF AMERICA § | |

## ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS

This is a civil rights action filed by a federal prisoner. He is currently incarcerated at the Federal Correctional Institution, which is located in Three Rivers, Texas.

Plaintiff names as defendants C. Eichenlaub, warden of FCI Milan in Milan, Michigan; Mukhtar Curtis, head chaplain of FCI Milan; Jodi Bradly, a captain at FCI Milan; and Agent Webber, a special investigations agent at FCI Milan in their individual and official capacities. (D.E. 15, at 1). Plaintiff alleges that these FCI Milan defendants harassed and discriminated against him because he is a Muslim. (D.E. 12, at 5). Moreover, he alleges that he was placed in special housing unit and ultimately transferred to FCI Three Rivers in violation of his due process rights. Id. at 8-10.

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, "[a]ny claim against a party may be severed and proceeded with separately." A trial court has broad discretion to sever claims. Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994). Thus, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. See United States v. Welch, 656 F.2d 1039, 1053 (5th Cir. 1981); Wyndham Assoc. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968). Severance may be appropriate when "the events or omissions giving rise to the severed claims occurred in another

venue." Newton v. Stringfellow, 93 Fed. Appx. 615, 617 (5th Cir. 2004) (per curiam) (unpublished) (citing 28 U.S.C. § 1391(b)). Here, the adjudication of plaintiff's claims against the FCI Milan defendants with the FCI Three Rivers defendants would be inefficient. Additionally, the FCI Milan defendants would likely raise meritorious personal jurisdiction and venue defenses. Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In this case, the FCI Milan defendants are alleged to work or engage in business in Milan, Michigan and the events of which plaintiff complains occurred in Washtenaw County, Michigan. (D.E. 1). Washtenaw County lies within the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 102(a)(1). Jurisdiction is proper with that court. 28 U.S.C. § 1391(b).

Moreover, because plaintiff's claims stem from alleged incidents in Washtenaw County, it follows that most of the evidence, including witnesses and documentation, lie within or around that facility. In the interest of justice and for the convenience of parties and witnesses, the United States District Court for the Eastern District of Michigan, Southern Division, is the more convenient forum. 28 U.S.C. § 1404(a).

Accordingly, it is ordered that the clerk of the Court TRANSFER plaintiff's claims against the FCI Milan defendants to the United States District Court for the Eastern District of

Michigan, Southern Division.  The Court will RETAIN plaintiff's claims against defendants Dan Joslin and Joseph Higgerson on its docket.

SIGNED and ORDERED this 4th day of January, 2008.

_____
Janis Graham Jack
United States District Judge