IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AHMAD JEBRIL | § | |
| | § | |
| v. | § | C.A. NO. C-07-436 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is a federal inmate currently incarcerated at the FCI Three Rivers in Three Rivers, Texas. Proceeding pro se, he filed a civil rights action pursuant to Bivens.[1] (D.E. 1). Pending is his second motion for appointment of counsel. (D.E. 30).

No constitutional right to appointment of counsel exists in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimanza, 122 F.3d 286, 293 (5th Cir. 1997).

---

[1] This action was originally docketed as a habeas petition pursuant to 28 U.S.C. § 2241. On December 21, 2007, plaintiff filed a motion to amend his complaint to proceed pursuant to Bivens instead. (D.E. 15). On December 26, 2007, this motion was granted. (D.E. 17).

Upon careful consideration of the factors set forth in <u>Jackson</u>, the Court finds that appointment of counsel is not warranted at this time.  Regarding the first factor, plaintiff's freedom of religion and retaliation claims do not present any complexities that are unusual in prisoner actions.  The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.  The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time.[2]  Accordingly, plaintiff's motion for appointment of counsel, (D.E. 30), is DENIED without prejudice, subject to renewal should counsel be warranted at a later date.

ORDERED this 18th day of March 2008.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] In support of his motion, plaintiff alleges generally that the staff at FCI Three Rivers have tampered with his legal mail.  He does not name the individuals involved, but they do not appear to include either defendant in this action.  If the allegations are true, appointment of counsel is not the proper remedy.  Instead, if plaintiff believes his constitutional rights are being violated, then he should file a separate lawsuit against the individuals he alleges are denying his rights.