IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AHMAD JEBRIL, | § | |
| Plaintiff, | § | Civil Action No. C-07-436 |
| v. | § | |
| DAN JOSLIN, et al., | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW Defendants, Dan Joslin and Joseph Higgerson, by and through the undersigned United States Attorney for the Southern District of Texas, to provide the following Answer to Plaintiff's Amended Complaint (Docket Nos. 8 and 15):

This Answer is filed pursuant to the Court's Order (Docket No. 38 ).[1]  For ease of reference, Defendants have assigned paragraph numbers to Plaintiff's Amended Complaint. *See* Exhibit 1.

1. Defendants admit that Plaintiff is currently an inmate at Federal Correctional Institution at Three Rivers, Texas ("FCI Three Rivers").  Defendants further aver that he is assigned federal register number 31943-039.

2. Defendants admit the allegations in paragraph 2.

---

[1] Defendants have filed a motion to dismiss for failure to exhaust administrative remedies.  *See* Docket No. 43. Thus, this Answer is filed in Order to comply with the Court's Orders requiring the filing of an answer while reserving all arguments set forth and supported by Defendants' Motion to Dismiss.

1

3. The allegations in paragraph 3 set forth the Plaintiff's legal theories and conclusions, and as such, no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 3.

4. In response to the allegations contained in paragraph 4, Defendants admit that Plaintiff was transferred from FCI Milan to FCI Three Rivers. Defendants deny the remaining allegation contained in paragraph 4.

5. Defendants admit that Plaintiff was transferred from FCI Milan to FCI Three Rivers. Defendants deny the remaining allegations contained in paragraph 5.

6-12. In response to the allegations contained in paragraphs 6-12, Defendants aver that the administrative grievances described in paragraphs 6-12 relate to the conditions of Plaintiff's confinement at FCI Milan. These claims are not presently before the Court. *See* January 4, 2008 Order at Docket No. 19 (transferring claims to E.D. Michigan).

13-23. In response to the allegations contained in paragraphs 13-23, Defendants aver that the allegations in paragraphs 13-23 relate to Plaintiff's conditions of confinement while at FCI Milan. These claims are not presently before the Court. *See* January 4, 2008 Order at Docket No. 19.

24. Defendants deny the allegations contained in paragraph 24 and aver that Plaintiff has conflated the distinct concepts of security designation and custody classification. On a four-level security scale of minimum, low, medium, and high, the Plaintiff's score of six, not four points, taken alone, would cause him to be designated with a security level of minimum, which would make him eligible for camp (minimum) placement; but based upon his behavior at FCI Milan, the BOP has assigned him a Greater Security

      Management Variable, the effect of which is to increase his security level to medium. Since FCI Milan is a low-security institution, and FCI Three Rivers is a medium-security one, the transfer was appropriate in terms of his security level.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 28 and on that basis deny them.

29. Defendants deny that allegations contained in paragraph 29 and aver that the Plaintiff has no right, either in the Constitution, in statute, or in regulations, to be confined in an institution near his home of record. The BOP has standardized policies and procedures that govern the transfer of inmates, which were followed in this case. Moreover, these allegations do not relate to the claims over which the court has retained jurisdiction.

30. Defendants deny the allegations contained in the first, second and fourth sentences of paragraph 30. In response to the allegations contained in the third sentence of paragraph 30, Defendants acknowledge that Plaintiff has provided the Court with a letter addressed to the warden of FCI Three Rivers. *See* Docket No. 8, Exhibit 3. The letter speaks for itself and provides the best evidence of its contents, any allegations regarding its contents that are contrary to its plain language and meaning are denied. Defendants further aver that they have no record of receiving the letter designated by Plaintiff as Exhibit 3.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32 and aver that it is not the

       practice of the BOP to circulate such memoranda among staff.

33.    Defendants deny the allegations contained in paragraph 33 and aver that it is not the practice of the BOP to issue such warnings to inmates.

34.    The allegations contained in paragraph 34 constitute Plaintiff's requested relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

35.    The allegations contained in paragraph 35 constitute Plaintiff's requested relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

36.    Defendants deny that Plaintiff has exhausted the administrative remedies for the claims currently before this Court. *See* Defendant's Motion to Dismiss, Docket No. 43.

37.    The allegations contained in paragraph 37 constitute Plaintiff's requested relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

38.    The allegations contained in paragraph 38 constitute Plaintiff's requested relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

39.    In response to Plaintiff's claims regarding the wearing of his pants (not set forth in Amended Complaint but described in Court's February 12, 2008 Order at 11), Defendants aver that the wearing of pants above the ankle is not recognized as religious attire, and falls under the general category of inmate behavior which staff may regulate.

*See* Program Statement 5360.09.[2] Defendants further aver that the prohibition on the wearing of pants above the ankle has two valid penological interests. First, it is well-known that disruptive groups - colloquially "gangs" - use particular colors, articles of clothing, and styles of wearing articles of clothing in order to identify members of their own groups as well as those of other groups. Wearing of pants above the ankle is an example of wearing an article of clothing in a manner that could identify the wearer as a member of a disruptive group. Second, it is well-known that inmates use styles of wearing articles of clothing in order to communicate among themselves. Wearing of pants above the ankle could be used as a signal to other inmates that something is going to happen, or a directive to other inmates to take some action.

40. Defendants aver that all allegations not admitted or explained are hereby denied.

WHEREFORE having answered Plaintiff's Amended Complaint and other pleadings, Defendants set forth the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over all or part of Plaintiff's Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may by granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to exhaust administrative remedies.

---

[2] A true and correct copy of the Program Statement is attached to the Declaration of Martin Sweaney filed in support of Defendants' Motion to Dismiss for Lack of Jurisdiction. *See* Docket No. 43.

5

## FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, the Defendants request that this suit be dismissed with prejudice.

Dated: May 19, 2008								Respectfully Submitted,

										DONALD DeGABRIELLE, JR.
										UNITED STATES ATTORNEY

										*s/Jimmy A. Rodriguez*
										JIMMY A. RODRIGUEZ
										Assistant United States Attorney
										Southern District of Texas
										Texas Bar No. 24037378
										Federal ID No. 572175
										919 Milam, Suite 1500
										P.O. Box 61129
										Houston, Texas 77208
										Tel: (713) 567-9532
										Fax: (713) 718-3303

										ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been mailed by certified mail, return receipt requested, on this the 20th day of May, 2008, addressed to:

Ahmad Jebril
Reg. No. 31943-039
FCI Three Rivers
P.O. Box 4200
Three Rivers, TX 78701

										*s/ Jimmy A. Rodriguez*
										JIMMY A. RODRIGUEZ
										Assistant United States Attorney