IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AHMAD JEBRIL | § | |
|    REG. NO. 31943-039 | § | |
| v. | § | C.A. NO. C-07-436 |
| | § | |
| DAN JOSLIN, ET AL. | § | |

### ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION

This case was filed as a civil rights action by a federal prisoner pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Pending is plaintiff's motion to resume the case, construed as a motion to reopen pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 61). For the reasons stated herein, the motion is hereby DENIED.

### I. BACKGROUND

On November 8, 2007, plaintiff filed a <u>Bivens</u> claim against several defendants, claiming that his due process rights had been violated by a transfer to a higher security prison, and that defendants had interfered with his right to practice his religion, were subjecting him to harassment in violation of the Eighth Amendment, and had retaliated against him for filing grievances on these matters. (D.E. 1, 8). On January 4, 2008, the Court entered an order severing certain claims and transferring them to a federal court in Michigan. (D.E. 19). However, the Court retained the claims against the FCI Three Rivers defendants, Warden Dan Joslin and Officer Joseph Higgerson. <u>Id.</u> On February 12, 2008, a memorandum opinion and order was entered dismissing plaintiff's First Amendment and Eighth Amendment claims, but retaining his retaliation claim. (D.E. 24).

On May 2, 2008, plaintiff filed a motion for preliminary injunction. (D.E. 36). On May 20, 2008, defendants separately filed their answer, motion to dismiss for failure to exhaust administrative remedies, and response to plaintiff's motion for preliminary injunction. (D.E. 43, 44, 45). On June 18, 2008, plaintiff separately filed a reply to defendants' response to his motion for preliminary injunction and a response to their motion to dismiss. (D.E. 50, 51). That same day, plaintiff's motion for preliminary injunction was denied. (D.E. 52).

On June 27, 2008, plaintiff filed a notice of appeal as to the Court's February 12, 2008 order dismissing his First and Eighth Amendment claims. (D.E. 53). On July 7, 2008, he filed a motion to dismiss his complaint. (D.E. 56). On July 8, 2008, his motion was granted and final judgment was entered. (D.E. 57, 58).

On January 12, 2009, plaintiff filed the instant motion to resume the case. (D.E. 61).

## II.  DISCUSSION

**A.      Plaintiff Is Not Entitled To Relief Pursuant To Rule 60(b).**

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66

F.3d 743, 747 (5th Cir. 1995) (citations omitted).  Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal.  Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987) (citations omitted).  Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time.  Fed. R. Civ. P. 60(b).

Because plaintiff has filed his motion within one year of the entry of final judgment, a request for relief pursuant to any of the grounds provided for in Rule 60(b) would be timely.  He does not specify the grounds on which he is seeking relief from the judgment; however, a pro se plaintiff's filings must be read liberally.  See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  Plaintiff claims that he "decided to file the motion to dismiss due to an error in judgment on [his] behalf and more seriously due to staff harassment regarding this matter along with their treatment."  (D.E. 61).  Thus, he appears to be seeking relief either on the ground of "mistake, inadvertence, surprise, or excusable neglect" or "fraud, misrepresentation, or misconduct of an adverse party."

The "mistake" plaintiff alleges is not the kind of error that Rule 60(b)(1) was intended to correct.  "Rule 60(b)(1) does allow relief from final judgments on account of 'mistake,' and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record."  Hill, 827 F.2d at 1043 (citations omitted).  Plaintiff does not allege any such error.  Moreover, he does not explain, nor is it readily apparent, how his motion to dismiss the case might have been filed inadvertently or through excusable neglect.  Rather, he states only that "after careful and serious consideration" he has changed his mind and wishes to resume the case.  (D.E. 61).  He therefore fails to establish that he is entitled to relief pursuant to Rule 60(b)(1).

Plaintiff's motion may also be construed as stating a claim for relief on the basis of misconduct by an adverse party. Specifically, he alleges that he moved to dismiss his case as a result of "harassment" regarding his lawsuit. (D.E. 61). Rule 60(b)(3) provides for relief on the basis of "misconduct by an adverse party." However, "[a] party making a Rule 60(b)(3) motion must 'establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 772 (5th Cir. 1995) (citation omitted). Here, plaintiff has provided no evidence that defendants engaged in misconduct. Rather, he relies merely on his conclusory assertion that their harassment caused him to drop his lawsuit. Moreover, there is no evidence that any conduct by defendants prevented plaintiff from fully and fairly presenting his case; he asserts no claims or defenses that he would have brought in the underlying litigation but for the defendants' conduct, and the case was dismissed on his own motion. (D.E. 56). Plaintiff has not stated any basis for relief pursuant to Rule 60(b)(3). Accordingly, his motion is DENIED.

**B.    Defendants' Claim That Plaintiff Has Failed To Exhaust His Administrative Remedies.**

Alternatively, even had plaintiff stated a basis for relief pursuant to Rule 60(b), his claim would be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 524 (2002); accord Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001) (citations omitted); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. See Woodford v. Ngo, 548 U.S. 81, 92-93 (2006).

The exhaustion requirement is not jurisdictional. Underwood v. Wilson, 151 F.3d 292, 294-95 (5th Cir. 1998) (per curiam) (citations omitted). The Fifth Circuit has explained that the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (citation omitted); accord Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam).

Typically, the BOP provides a three-tiered administrative process by which inmates can present a complaint. See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed. If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11

to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

These regulations also set a time limit for officials to respond to prisoner grievances. The Regional Director and General Counsel are required to respond within thirty and forty calendar days, respectively, but may each extend those deadlines to sixty days if necessary to make a decision. 28 C.F.R. § 542.18. The inmate must be notified in writing of any extension. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

Defendants submitted the sworn affidavit of Martin Joseph Sweaney, an attorney with the Bureau of Prisons, indicating that plaintiff had not attempted to submit any grievance materials at any level between August 13, 2007, when he arrived at FCI Three Rivers, and November 19, 2007, when he commenced this lawsuit. (D.E. 43, at 9). However, Mr. Sweaney acknowledged that plaintiff had filed some sort of grievance on January 30, 2008. Id. Records submitted by plaintiff in his response indicate that he filed grievances relating to his exercise of First Amendment rights and retaliation up to the BP-9 level, but that these grievances were returned to him as untimely. (D.E. 51, at 7-54). Therefore, he did not completely exhaust his administrative remedies.

Plaintiff asserts two reasons that he should not have been required to exhaust his administrative remedies. First, he claims that because his problems in FCI Three Rivers are the result of actions taken by officials at FCI Milan, the grievances he filed at FCI Milan should serve to exhaust administrative remedies for purposes of his suit against officials at FCI Three

Rivers.  However, grievances filed at FCI Milan cannot reasonably have been expected to have put officials at FCI Three Rivers on notice of plaintiff's claims against them.  Therefore, plaintiff's grievances filed at FCI Milan cannot serve the exhaustion requirement for this lawsuit.

Second, plaintiff claims that prison officials interfered with his ability to pursue the grievance procedure.  Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it is subject to specific defenses.  Days, 322 F.3d at 866 (quoting Wendell, 162 F.3d at 890).  For example, the exhaustion requirement may be excused when administrative remedies are not "personally available."  Id. at 867.  Unavailability can occur when physical injury prevents its use, see id., or when prison officials ignore or interfere with the prisoner's pursuit of relief.  See Underwood, 151 F.3d at 295.

Here, plaintiff alleges that he could only obtain grievance forms from certain individuals at his unit, that these officials refused to provide him with the forms, and as a result he was forced to resort to obtaining grievance forms from other inmates.  (D.E. 51, at 1-5).  He claims that the official charged with giving him the grievance forms refused to give him the forms unless he first attempted to resolve the matter with the individuals against whom he was complaining.  Id. at 2.  However, he provides no evidence to support these allegations, and the fact that he has filed multiple grievances since the inception of his lawsuit belies this claim.  See id. at 7-54.  Accordingly, plaintiff's complaint is properly dismissed.

### III. CONCLUSION

For the reasons stated herein, plaintiff's motion to reopen the case, (D.E. 61), is hereby DENIED.

ORDERED this 27th day of January 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE